UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIANGXI ZHENGAO RECYCLED TEXTILE INDUSTRY CO., LTD.,

          Plaintiff,

-against-

AMAZON.COM SERVICES, LLC, et al.,

          Defendants.

23-CV-9692 (JGLC)

**MEMORANDUM OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

Jiangxi Zhengao Recycled Textile Industry Co., Ltd. ("Zhengao" or "Plaintiff") brought this action in state court, which Amazon.com Services, LLC and Amazon.com, Inc. (together, "Amazon" or "Defendants") subsequently removed to federal court. Now, Plaintiff seeks a temporary restraining order and preliminary injunction to stay a related arbitration. *See* ECF No. 8. For the reasons stated herein, Plaintiff's motion is DENIED in its entirety.

## BACKGROUND

On March 24, 2020, Plaintiff became a third-party seller on Amazon. Yuan Dec. ¶ 4 (ECF No. 10). On June 24, 2021, Plaintiff received an account deactivation notice from Amazon, stating that Plaintiff had violated Amazon's policies. *Id.* ¶ 9. At the same time, Amazon seized the sales proceeds in Plaintiff's seller account. *Id.* ¶ 11.

Following a series of unsuccessful appeals to Amazon, Plaintiff filed an arbitration demand in June 2022 with the American Arbitration Association ("AAA"). *Id.* ¶¶ 12, 15–17, 22. In August 2022, AAA sent the parties an initial appointment letter for the Hon. Carol E. Heckman (ret.) (the "Arbitrator"). Guo Dec. ¶ 9 (ECF No. 9). The Arbitrator disclosed that she had previously served as an arbitrator in three matters involving Amazon. *Id.* ¶ 10. Plaintiff objected to the appointment of the Arbitrator in August 2022, September 2022, February 2023

and May 2023 *Id*. ¶¶ 12, 15, 17, 19. AAA denied all of Plaintiff's objections *Id*. ¶¶ 15, 17, 19. In May 2023, Plaintiff also asked whether the Arbitrator would like to voluntarily recuse herself. *Id*. ¶ 20.

In the fall of 2023, while completing legal research for another matter, Plaintiff found the case of *Kellner v. Amazon*, a matter involving a seller dispute with Amazon in which the Arbitrator had ruled in favor of Amazon. *Id*. ¶ 21. Plaintiff alleges that the Arbitrator did not disclose to Plaintiff that the Arbitrator had ruled in favor of Amazon in her role as the sole arbitrator in *Kellner*. *Id*. ¶ 10. Plaintiff alleges that in *Kellner*, the Arbitrator expressed her legal opinion that Amazon's Business Solutions Agreement ("BSA") is enforceable, the same legal issue at dispute in the arbitration between Plaintiff and Defendants (the "Underlying Arbitration"). *Id*.

Subsequently, Plaintiff emailed the Arbitrator, stating that Plaintiff had recently discovered the *Kellner* case and requesting that the Arbitrator recuse herself "based on evident partiality." *Id*. ¶ 23. On November 8, 2023, Plaintiff filed yet another motion with the AAA to remove the Arbitrator, which was denied on December 7, 2023. *Id*. On December 8, 2023, the Arbitrator emailed the parties stating that she would issue a final award shortly. *Id*.

On December 11, 2023, Plaintiff filed a motion for a temporary restraining order ("TRO") and preliminary injunction ("PI") seeking to stay or enjoin the Underlying Arbitration. ECF No. 8. Defendants filed their opposition on December 14, 2023. ECF No. 13 ("Defs. Mem."). The Court did not hold an evidentiary hearing.[1]

---

[1] *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998) ("An evidentiary hearing is not required when the relevant facts either are not in dispute or have been clearly demonstrated at prior stages of the case, or when the disputed facts are amenable to complete resolution on a paper record.") (cleaned up).

2

**LEGAL STANDARD**

To obtain a temporary restraining order or a preliminary injunction, a plaintiff must show "(1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (cleaned up); *see also 3M Co. v. Performance Supply, LLC*, 458 F. Supp. 3d 181, 191 (S.D.N.Y. 2020) (noting that the standard for obtaining a preliminary injunction is the same as the standard for obtaining a temporary restraining order).

A temporary restraining order and a preliminary injunction are each "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Id*.

**DISCUSSION**

Plaintiff's frivolous motion shows no possibility of success on the merits, and as such, the Court denies the motion for the TRO and PI.

Plaintiff's argument, generally, is that the Arbitrator's "failure" to disclose her ruling in *Kellner v. Amazon* demonstrates the Arbitrator's partiality, therefore impairing Plaintiff's rights to a fair hearing and due process, as well as foreclosing Plaintiff's statutory rights under Washington's Consumer Protection Act. ECF No. 12 ("Pl. Mem.") at 17. The *Kellner* ruling as

3

well as a ruling by the Arbitrator in *Zongheng v. Amazon*, Plaintiff claims, demonstrate that the Arbitrator "express[ed] the same legal opinion on the same legal issues even in different cases." *Id*. at 23 (emphasis omitted). Therefore, Plaintiff claims that the Arbitrator's removal is mandated. *Id*. at 17.

As an initial matter, the Court notes that Zhengao has not filed proof of service of its summons and Complaint upon Amazon. *See* Defs. Mem. at 16 n.10. As such, it is unlikely that the Court has jurisdiction to enter a TRO or PI. *See Intrepid Fin. Partners, LLC v. Fernandez*, No. 20-CV-9779 (LTS), 2020 WL 7774478, at *4 (S.D.N.Y. Dec. 30, 2020) (denying motion for a preliminary injunction and dissolving a temporary restraining order for lack of jurisdiction); *Ethridge v. Perales*, No. 23-CV-763 (GPC), 2023 WL 3295591, at *5 (S.D. Cal. May 5, 2023) ("[A] federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.").

Next, the Court turns to Plaintiff's likelihood of success on the merits. First, Plaintiff has not demonstrated a likelihood of success on the merits because the motion is predicated on a statute that does not exist. Plaintiff cites to the Federal Arbitration Act ("FAA"), Section 24, which supposedly provides that "[a]n arbitrator can be removed under section 24 of the Arbitration Act 1996 if, amongst other things, circumstances exist that give rise to justifiable doubts as to his impartiality and if the Arbitrator has failed properly to conduct the proceedings." Pl. Mem. at 14 (internal quotation marks omitted). However, as Defendants point out, there is no Section 24 of the FAA. *See* 9 U.S.C. §§ 1–16. Moreover, the "Arbitration Act 1996" is not legislation from the United States Congress, but is rather a measure passed by the United Kingdom's Parliament. *See* Arbitration Act 1996, 1996 c. 23 (Eng.). Although Section 24 of the Arbitration Act 1996 does give courts the power to remove an arbitrator, it is irrelevant to the

4

instant proceedings. *See id*. § 24. And while Plaintiff also cites to AAA Rule R-19: Disqualification of Arbitrator, AAA-ICDR Procedure Rules Article 15: Challenge of an Arbitrator and the Code of Ethics for Arbitrators in Commercial Disputes of AAA, these provisions do not provide the Court with the authority to remove an arbitrator. *See* Pl. Mem. at 14–16.

Second, the Complaint does not plead a claim for any relief under the purported FAA provision nor does it request the Court issue any injunctive relief. "Success on the merits necessarily refers to the merits of the underlying claims." *Purugganan v. AFC Franchising, LLC*, No. 20-CV-00360 (KAD), 2021 WL 268884, at *2 (D. Conn. Jan. 27, 2021). The Second Circuit has held that a district court lacks jurisdiction to issue "preliminary injunctive relief" where a motion for a preliminary injunction "presents issues which are entirely different from those which were alleged in [the] original complaint." *Stewart v. INS,* 762 F.2d 193, 199 (2d Cir. 1985). Here, the Complaint sets forth Zhengao's substantive claims against Amazon, and requests that the Court rule certain sections of the BSA unenforceable, ordering Amazon to release Zhengao's sales proceeds, pay interest on those sales proceeds and pay Zhengao's costs of suit and attorneys' fees. ECF No. 1-1 ("Compl.") at 17–18. As Defendants note, these are nearly identical to the claims at issue in the Underlying Arbitration. Defs. Mem. at 15; *see also* ECF No. 9-2 at 22–23. Yet the relief requested in the TRO and the PI is that the Court stay the Underlying Arbitration. This relief falls outside the scope of the Complaint and would be inappropriate for the Court to order.

Third, the Second Circuit has stated that "it is well established that a district court cannot entertain an attack upon the qualifications or partiality of arbitrators until after the conclusion of the arbitration and the rendition of an award." *Aviall, Inc. v. Ryder Sys., Inc.*, 110 F.3d 892, 895

(2d Cir. 1997) (quoting *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 n.4 (2d Cir. 1980)). As Plaintiff relies on the Arbitrator's alleged partiality as the reason the Underlying Arbitration should be stayed, Plaintiff's motion is premature.

Finally, the merits of Plaintiff's argument – that the arbitrator improperly failed to disclose her bias – fails as a matter of law. The AAA Rules provide that "[u]nless otherwise required by applicable law, court order, or the parties' agreement, the AAA and the arbitrator shall keep confidential all matters relating to the arbitration or the award." R-45(a); *see also* The Code of Ethics for Arbitrators in Commercial Disputes, Cannon VI.B (Mar. 1, 2004) ("The arbitrator should keep confidential all matters relating to the arbitration proceedings and decision."). Plaintiff contends that the Arbitrator was required to, but did not, disclose the final award in *Kellner*. *See* Pl. Mem. at 11 ("Unfortunately, Plaintiff was kept in the dark regarding Heckman's 2020 Prior Adverse Rulings due to the non-disclosure of Arbitrator Heckman, Amazon, and its counsel."). However, as the AAA Rules make clear, the Arbitrator was not allowed to make such a disclosure.

Moreover, the Arbitrator's decision in another arbitration is insufficient to establish arbitrator partiality as a matter of law. To demonstrate arbitrator partiality based on nondisclosure of a material relationship or interest, "a reasonable person would *have* to conclude that the arbitrator who failed to disclose under such circumstances was partial to one side." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 73 (2d Cir. 2012) (internal citation omitted). It is "the materiality of the undisclosed conflict that drives a finding of evident partiality, not the failure to disclose or investigate *per se*." *Certain Underwriting Members of Lloyds of London v. Fla. Dep't of Fin. Servs.*, 892 F.3d 501, 506 (2d. Cir. 2018) (internal citation omitted). Plaintiff has made no showing that the Arbitrator harbors any impermissible bias

6

against Plaintiff. *See Scandinavian Reinsurance Co.*, 668 F.3d at 73, 75 (noting that the "evident-partiality standard is, at its core, directed to the question of bias" and that "adverse rulings alone rarely evidence partiality"); *see also Bell Aerospace Co. v. Local 516, UAW*, 500 F.2d 921, 923 (2d Cir. 1974) (repeated rulings in favor of one party to arbitration insufficient to establish partiality).

Accordingly, Plaintiff has failed to demonstrate a likelihood of success on the merits. Thus, the Court need not analyze the remaining elements of irreparable harm, balance of the equities and public interest.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a temporary restraining order and preliminary injunction is DENIED. The Clerk of Court is directed to terminate ECF No. 8.

Dated: December 15, 2023
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge